UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL GADDY,

    Plaintiff,

v.

E. MOGHADDAM, et al.,

    Defendants.

No. 2:16-cv-2269 JAM AC P

ORDER

I.    Introduction

    Plaintiff is a California inmate under the authority of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff proceeds pro se with a complaint filed pursuant to 42 U.S.C. § 1983, and a request for leave to proceed in forma pauperis filed pursuant to 28 U.S.C. § 1915. The complaint challenges medical care that plaintiff received while incarcerated at California State Prison - Sacramento.[1]

    This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the following reasons, plaintiff's request to proceed in forma pauperis is granted. On screening pursuant to 28 U.S.C. § 1915A(a), the court finds that plaintiff's Claims One through Three (alleging deliberate indifference to plaintiff's

---

[1] Plaintiff is presently incarcerated at Pelican Bay State Prison.

1

broken hand by defendants Moghaddam, Spilman, Relano, Poppachan, Cho and Lim) adequate for service, but that Claim Four fails to state a claim. Plaintiff will be given the choice of (1) proceeding forthwith on Claims One through Three and dismissing Claim Four, or (2) amending his complaint to attempt to state a claim against defendants Burnett, Lacy and Crum.

## II. In Forma Pauperis Application

Plaintiff has submitted an affidavit and prison trust account statement that make the showing required by 28 U.S.C. § 1915(a). See ECF No. 2. Accordingly, plaintiff's request to proceed in forma pauperis will be granted.

Plaintiff must nevertheless pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## III. Screening of the Complaint

### A. Legal Standards for Screening Prisoner Civil Rights Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

////

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotation marks omitted)). See also Fed. R. Civ. P. 8(e) ("Pleadings shall be so construed as to do justice."). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

B. Plaintiff's Allegations

Defendants Dr. Maghaddam and Nurses Spilman, Relano, Poppachan, Cho and Lim were medical providers at CSP-SAC at the time of the events described in the complaint; Dr. Maghaddam was plaintiff's primary care physician. Plaintiff broke his hand on May 27, 2016, when he fell from his bunk. The injury caused excruciating pain. An X-ray taken on June 2, 2016 revealed an acute and displaced fracture of the second metacarpal. Plaintiff was referred on an "urgent" basis to see "ortho." He was not taken to San Joaquin General Hospital to see "ortho" until June 16, 2016. In the interim, Dr. Maghaddam and the nurse defendants ignored plaintiff's many requests for adequate pain relief and to be seen promptly by ortho. After plaintiff's return from the hospital, Dr. Maghaddam and the nurse defendants continued to ignore

plaintiff's written and oral requests to for adequate pain relief, resulting in severe pain and suffering. For approximately two months after his accident, plaintiff's hand remained "deformed" by the displaced broken bone, and he was unable to tie his shoes, exercise, or wash his clothes. Following surgery on July 21, 2016, which involved the placement of a metal plate and screws in his hand, plaintiff experienced finger numbness and continued extreme pain. Defendants continued to ignore his complaints. Plaintiff's pain was inadequately treated by the defendants until August 25, 2016, when effective pain medication was finally prescribed by the outside hospital.

Plaintiff alleges that defendants Burnett, Lacy and Crum, who were appeals coordinators, failed to respond to two emergency grievances against Dr. Maghaddam and the nurse defendants. Plaintiff contends that the appeals coordinators failed to investigate his claims, and retaliated against him by interfering with the processing of his medical grievances.

C. <u>Claims for Which a Response Will Be Required</u>

Plaintiff's first three claims allege that the doctor and nurse defendants were deliberately indifferent to his serious medical need in violation of the Eighth Amendment. Claim One lies against Dr. Maghaddam and sets forth the facts specific to him. Claim Two lies against Nurse Spilman and sets forth the facts specific to her. Claim Three is based on plaintiff's interactions with nurses Relano, Poppachan, Cho and Lim.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976)). This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." <u>Id.</u> (some internal quotation marks omitted) (quoting <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

Deliberate indifference is established only where the defendant subjectively "knows of and disregards an excessive risk to inmate health and safety." <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted).

4

Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted).

Plaintiff's allegations regarding the broken bone in his hand, and the extreme degree of resulting pain, are sufficient to demonstrate a serious medical need. The complaint alleges as to each defendant named in Claims One through Three that plaintiff had directly informed them of the degree of his pain and the ineffectiveness of the medication which had been provided to him, which at the screening stage is sufficient to support the allegations that each acted (or failed to act) with knowledge of the suffering caused or perpetuated by their actions or inactions. Accordingly, these allegations are sufficient at the screening stage to state claims for deliberate indifference.

### D. Failure to State a Claim

In Claim Four, plaintiff alleges that on June 9 and August 15, 2016, he submitted emergency medical grievances regarding the failure of the doctor and nurse defendants to properly treat his broken hand and related pain. As to both grievances, plaintiff alleges in conclusory fashion that appeals coordinators Crum, Burnett and Lacy failed to respond, refused to investigate, and interfered with the processing of the grievances. It is unclear what actions these defendants took that plaintiff construes as interfering with the grievance process, other than failing to provide the remedy plaintiff sought. See generally, ECF No. 1 at 18.

Prisoners do not have "a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Accordingly, the prison grievance procedure does not confer any substantive constitutional rights upon inmates and actions in reviewing and denying inmate appeals generally do not serve as a basis for liability under § 1983. Id.; George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."). As the Seventh Circuit has observed:

> Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who

> stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not.

George, 507 F.3d at 609-10.

Under these principles, plaintiff's allegations that defendants failed to investigate and that they interfered with the grievance process cannot state a claim for relief as a matter of law.

Claim Four also alleges "retaliation," but does not include facts that would be relevant to a retaliation claim. As a matter of constitutional law, retaliation claims involve violations of First Amendment speech rights – for example, an inmate may bring a retaliation claim where prison officials respond to his complaints about them by taking adverse action. See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). A viable First Amendment claim for retaliation must establish the following five elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Id. at 567-68. The facts set forth in this complaint do not support a retaliation claim.

Although interference with or denial of an inmate grievance does not support a claim for relief, the court notes that prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates. See Jett, 439 F.3d at 1098 (prison administrators "are liable for deliberate indifference when they knowingly fail to respond to an inmate's requests for help" (citations omitted)). Accordingly, under limited circumstances, an individual who denies an inmate appeal and who had the authority and opportunity to prevent an ongoing constitutional violation could potentially be subject to liability if the individual knew about an existing or impending violation and failed to prevent it.

Claim Four does not contain facts that would support liability under this theory. The exact role of defendants Crum, Burnett and Lacy is unclear. For example, the complaint does not specify whether these individuals are medical professionals or whether they were in a position to countermand the decisions of medical staff about what pain medication to prescribe and what treatment to provide.

The undersigned does not have enough information to determine whether amendment of this claim would be futile. Because it is conceivable that plaintiff could present additional facts that would support a claim against these defendants (although not as to their failure to investigate or interference with his grievances), he will be given the option to amend his complaint as to Claim Four. Plaintiff should carefully consider the legal standards set forth above in determining whether to attempt to state a claim against the appeals coordinators.

IV.     Optional Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state a cognizable claim against defendants Crum, Burnett and Lacy.

Plaintiff may proceed forthwith to serve defendants Moghaddam, Spilman, Relano, Poppachan, Cho and Lim, or he may delay serving any defendant and amend the complaint to address the deficiencies in Claim Four.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his deliberate indifference claims against defendants Moghaddam, Spilman, Relano, Poppachan, Cho and Lim (Claims One through Three) without amending the complaint, the court will proceed to serve the complaint on those defendants. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of the claims against defendants Crum, Burnett and Lacy.

If plaintiff chooses to file an amended complaint, he must demonstrate how the matters about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

V. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

Some of the allegations in your complaint state claims and some do not. Your deliberate indifference claims against Dr. Moghaddam (Claim One), Nurse Spilman (Claim Two), and nurses Relano, Poppachan, Cho and Lim (Claim Three) state claims for relief and will require an answer by those defendants. Claim Four, against appeals coordinators Crum, Burnett and Lacy, does not state a claim for relief because the mishandling or wrongful denial of inmate grievances does not violate constitutional rights.

You have a choice to make. You may **either** (1) proceed immediately on Claims One through Three and voluntarily dismiss Claim Four, **or** (2) try to amend the complaint. If you want to go forward without amending the complaint, you will be voluntarily dismissing Claim Four (and defendants Crum, Burnett and Lacy) without prejudice. In that case the court will promptly order service of the complaint on the defendants named in Claims One through Three. If you choose to amend your complaint, the amended complaint must include **all** of the claims you want to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original complaint. **Any claims and**

////

| | |
|---|---|
| 1 | **information not in the amended complaint will not be considered.** If you file an amended |
| 2 | complaint, it will also be screened prior to service. |
| 3 | You must complete the attached form showing what you want to do, and return it to the |
| 4 | court. Once the court receives the notice, it will issue an order telling you what you need to do |
| 5 | next (i.e. file an amended complaint or wait for service to be completed). |
| 6 | VI.    <u>Conclusion</u> |
| 7 | In accordance with the above, IT IS HEREBY ORDERED that: |
| 8 | 1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted. |
| 9 | 2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff |
| 10 | is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. |
| 11 | § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the |
| 12 | Director of the California Department of Corrections and Rehabilitation filed concurrently |
| 13 | herewith. |
| 14 | 3. Claim Four does not state a claim for which relief can be granted. |
| 15 | 4. Plaintiff has the option to proceed immediately on Claims One through Three, or to |
| 16 | amend the complaint. |
| 17 | 5. Within fourteen days of service of this order, plaintiff shall complete and return the |
| 18 | attached form notifying the court whether he wants to proceed on the screened complaint or |
| 19 | whether he wants to file a first amended complaint. If plaintiff does not return the form, the court |
| 20 | will assume that he is choosing to proceed on the complaint as screened and will recommend |
| 21 | dismissal without prejudice of Claim Four. |
| 22 | DATED: August 28, 2019 |

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

<pre>
 1
 2
 3
 4
 5
 6
 7
 8                      UNITED STATES DISTRICT COURT
 9                    FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   MICHAEL GADDY,                        No. :16-cv-2269 JAM AC P
12              Plaintiff,
13        v.                               PLAINTIFF'S NOTICE ON HOW TO
                                           PROCEED
14   E. MOGHADDAM, et al.,
15              Defendants.
16
</pre>

17        Check one:

18   _____ Plaintiff wants to proceed immediately on Claims One, Two and Three against defendants

19        Moghaddam, Spilman, Relano, Poppachan, Cho and Lim, without amending the

20        complaint. Plaintiff understands that by going forward without amending the complaint

21        he is voluntarily dismissing without prejudice Claim Four against defendants Burnett,

22        Lacy and Crum.

23   _____ Plaintiff wants to amend the complaint.

24

25   DATED:_____

26                                         _____
                                           Michael Gaddy
27                                         Plaintiff pro se
28

                                        1