UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GADDY, | No. 2:16-cv-2269 JAM AC P |
| Plaintiff, | |
| v. | ORDER |
| E. MOGHADDAM, et al., | |
| Defendants. | |

On April 8, 2020, defendants filed a motion to compel discovery from plaintiff, a California state prison inmate. See ECF No. 41. Plaintiff timely filed and served a response explaining that he has been without his legal materials since February 2020 due to his "temporary" transfer from Pelican Bay State Prison (PBSP) to Kern Valley State Prison (KVSP), originally for a court appearance unrelated to the instant case. ECF No. 42. Due to the current COVID health crisis, plaintiff has been required to remain at KVSP. Plaintiff notes that he previously filed a request seeking an order from this court order directing the transfer of his personal property and legal materials from PBSP to KVSP, see ECF No. 40, and states that he will respond to the discovery requests underlying defendants' pending motion within a reasonable time after receiving these materials. Defendants did not file a reply.

The current deadlines in this case are June 12, 2020 (discovery deadline) and September 18, 2020 (dispositive motion deadline). See ECF No. 38 (Discovery and Scheduling Order).

Because plaintiff has been without his legal materials for more than two months, the court will extend these deadlines once plaintiff has access to his materials. Additionally, the court will deny defendants' instant discovery motion without prejudice.

The court will direct defense counsel to inquire of the appropriate CDCR officials whether plaintiff's personal property, including his legal materials, can be sent to plaintiff at his current place of incarceration (KVSP) and, if so, when; and alternatively, whether there is a date scheduled for plaintiff's return to PBSP and, if so, when. If the date of plaintiff's return to PBSP remains uncertain or distant, defense counsel shall request that plaintiff's personal property, or at least his legal materials if possible, be sent to plaintiff at KVSP. Defense counsel will be required to file and serve a statement informing the court and plaintiff about these matters. Thereafter the court will issue further orders including the extension of current deadlines.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel discovery, ECF No. 41, is denied without prejudice.

2. Plaintiff's request for an order of this court compelling the transfer of his personal property and legal materials, ECF No. 40, is granted in part.

3. Defense counsel is directed to inquire of the appropriate CDCR officials: (1) whether plaintiff's personal property, including his legal materials, can be sent to plaintiff at KVSP, his current place of incarceration and, if so, when; and (2) whether there is a date scheduled for plaintiff's return to PBSP and, if so, when. If the date of plaintiff's return to PBSP remains uncertain or distant, defense counsel shall request that plaintiff's personal property, or at least his legal materials if readily distinguishable from his other personal property, be expeditiously sent to plaintiff at KVSP.

4. Within twenty-one (21) days after the filing date of this order, defense counsel shall file and serve a statement informing the court and plaintiff of these matters.

DATED: May 7, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE