UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GADDY,<br><br>  Plaintiff,<br><br>  v.<br><br>E. MOGHADDAM, et al.,<br><br>  Defendants. | No. 2:16-cv-2269 JAM AC P<br><br><br>ORDER |

**I.  Background**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights case premised on his Eighth Amendment medical deliberate indifference claims. Discovery has been impeded by plaintiff's temporary transfer from Pelican Bay State Prison to Kern Valley State Prison without access to his legal materials. See ECF Nos. 44, 46. Defense counsel now informs the court that the California Department of Corrections and Rehabilitation (CDCR) intends to retain plaintiff at Kern Valley State Prison. ECF No. 52. Due to the current COVID-19 health crisis, the transportation of plaintiff's personal items, including his legal materials, has been delayed. Id. Defense counsel requests that this court "allow 30 days for transport of Mr. Gaddy's personal items. Counsel for defendants will provide a status report to Mr. Gaddy and the court in 30 days regarding the location of Mr. Gaddy's personal items. In the event that Mr.

////

Gaddy's items have not been transported within 30 days, counsel for defendants will seek court guidance and/or intervention." Id. at 2.

The current extended deadlines in this case are September 11, 2020 (discovery) and December 11, 2020 (disposition motion deadline). ECF No. 46. Due to the matters discussed herein, the instant order further extends these deadlines as follows: (1) **The parties may conduct discovery until November 13, 2020**; any motions necessary to compel discovery shall be filed by that date; and (2) **All pretrial dispositive motions shall be filed on or before February 12, 2021.**

Currently pending are two discovery motions filed by plaintiff. ECF Nos. 47, 50. Defendants have responded to both motions, ECF Nos. 48-9, 52, and plaintiff has filed a reply to the opposition to his first motion, ECF No. 51.

## II. Plaintiff's Motion to Compel Transfer of Legal Documents

Plaintiff again seeks an order of this court compelling CDCR to transfer his legal materials to plaintiff at his current place of incarceration. ECF No. 50. In light of defense counsel's report and the current efforts of CDCR to transfer plaintiff's legal materials, ECF No. 52, plaintiff's motion will be denied without prejudice.

## III. Plaintiff's Motion to Compel Discovery

Plaintiff's discovery motion seeks to compel defendant Dr. Moghaddam to produce copies of plaintiff's original x-ray films. ECF No. 47. Dr. Moghaddam produced copies of the relevant x-ray reports (which he obtained through a subpoena) but stated that he is not in possession of the actual films. Dr. Moghaddam is now retired from CDCR and suggests that plaintiff can obtain the original films through an Olsen review,[1] which plaintiff disputes. Plaintiff asks the court to either issue an order directing Dr. Moghaddam to obtain and produce the films or, implicitly, that the court issue and direct service of such subpoena on plaintiff's behalf. Plaintiff contends that

////

---

[1] An Olson review refers to the right of California inmates to inspect and copy non-confidential records maintained in their central and medical files, as established by In re Olson (1974) 37 Cal. App. 3d 783.

2

the requested discovery is relevant to his legal claims and will be required to present his case to the jury at trial.[2]

The court will deny plaintiff's motion as to defendant Dr. Moghaddam, without prejudice to plaintiff requesting the court's assistance in issuing and serving a subpoena duces tecum directed to the appropriate official at CDCR. The standards for obtaining such assistance are set forth below. Plaintiff is informed, however, that there may be a reasonable alternative to immediate production of the original films and their storage in plaintiff's cell. Should this case proceed to trial (i.e. should it not earlier settle or be resolved on summary judgment), plaintiff may then request production of the original x-ray films for the purposes he describes. Plaintiff may also request that the district judge appoint a neutral medical expert to review and construe the films. See Fed. R. Evid. 706.

Should plaintiff decide to pursue the immediate production of the subject films, the following requirements will guide the court's assessment. Because plaintiff is proceeding in forma pauperis, he is entitled to obtain personal service of an authorized subpoena duces tecum

---

[2] Plaintiff states in part, ECF No. 51 at 2:

> Plaintiff is specifically requesting actual x-ray imaging and x-ray photographs because the actual images will explain what an x-ray report can not to a jury. The actual x-ray images and photographs will explain in depiction exactly what a "mildly comminuted fracture affecting the mid shaft of the left 2nd metacarpal with displacement and overlapping of the fracture fragments" is and what it looks like. Telling someone (juror) something is quite different from showing the person what plaintiff actually endured and had to suffer from for 2 months prior to surgery.
>
> The same goes for the depiction of the metal plate and screws that are still embedded in plaintiff's hand. A jury should be able to see what plaintiff is talking about. Plaintiff is not a doctor and quite honestly plaintiff can barely even pronounce some of the medical terms used in the x-ray reports provide by the defense counsel. The actual x-ray imaging and x-ray photographs will provide plaintiff with the assistance necessary in explaining through depiction what exactly serious medical causation plaintiff suffered from.
>
> Plaintiff's complaints are that he suffered extreme and severe pain from the fracture. . . . [S]ome [fractures] would be noticeable to a lay person that certain treatment should be administered while others don't require treatment beyond a split. The x-ray imaging will clarify this distinction[.]

3

1    by the United States Marshal.  See 28 U.S.C. § 1915(d).  A subpoena must be personally served

2    or it is null and void.  Fed. R. Civ. P. 45(c); Gillam v. A. Shyman, Inc., 22 F.R.D. 475 (D. Alaska

3    1958).  A subpoena duces tecum, served pursuant to Federal Rule of Civil Procedure 45(a)(2),

4    directs a non-party to an action to produce documents or other tangible objects for inspection.

5    Although a subpoena duces tecum commands the "production" of documents, it in fact requires

6    only that *access* to the documents be provided.  If plaintiff wishes to have copies of the subject

7    documents, he may be required to photocopy them or have them photocopied at his own expense.

8    Under the circumstances of the instant case, if copies cannot be made of the subject films,

9    plaintiff must determine and inform the court whether copies of the subject films can be made and

10   produced directly to plaintiff or, if copies cannot be made, whether CDCR will release the

11   originals to plaintiff whether or not subject to some acknowledgment or waiver noting that the

12   originals will be in plaintiff's possession.

13          This court will consider the above questions as well as the following matters before

14   approving issuance and service of a proposed subpoena duces tecum.  A subpoena must comply

15   with the relevance standards set forth in Federal Rule of Civil Procedure 26(b)(1) ("[p]arties may

16   obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or

17   defense and proportional to the needs of the case"), and considerations of burden and expense set

18   forth in Federal Rules of Civil Procedure 26(b)(2)(C) and 45(d).  The "Federal Rules of Civil

19   Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual

20   expenses in order to comply with a subpoena duces tecum."  Badman v. Stark, 139 F.R.D. 601,

21   605 (M.D. Pa. 1991) (requiring indigent plaintiff to demonstrate that he had "made provision for

22   the costs of such discovery"), citing Cantaline v. Raymark Industries, Inc., 103 F.R.D. 447, 450

23   (S.D. Fla. 1984); see also United States v. Columbia Broadcasting System, Inc., 666 F.2d 364

24   (9th Cir. 1982) (court may award costs of compliance with subpoena to non-party).  Non-parties

25   are "entitled to have the benefit of this Court's vigilance" in considering these factors.  Badman,

26   139 F.R.D. at 605.  Thus, in the instant case, plaintiff must demonstrate how the subject x-ray

27   films are relevant *prior* to trial in this case.

28   ////

4

Additionally, courts in this district require that a motion requesting issuance of a subpoena duces tecum be supported by: (1) clear identification of the documents sought and from whom, and (2) a showing that the records are obtainable only through the identified third party. See e.g. Davis v. Ramen, 2010 WL 1948560, *1 2010 U.S. Dist. LEXIS 115432 (E.D. Cal. 2010) (Oberto, M.J.); Williams v. Adams, 2010 WL 148703, *1 2010 U.S. Dist. LEXIS 10248 (E.D. Cal. 2010) (Snyder, M.J.). The person to whom the subpoena is directed must be clearly and readily identifiable, with an accurate physical address to enable personal service of the subpoena. See Fed. R. Civ. P. 45(a)(1)(A)(iii).

### IV. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The discovery deadline is extended to November 13, 2020; the deadline for filing dispositive motions is extended to February 12, 2021.

2. Plaintiff's motion to compel discovery, ECF No. 47, is denied as to defendant Dr. Moghaddam, and denied without prejudice to plaintiff later seeking the assistance of the court to obtain production of the subject discovery, as set forth above.

3. Plaintiff's motion to compel the transfer of his legal materials, ECF No. 50, is denied without prejudice.

DATED: July 6, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE