UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GADDY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>E. MOGHADDAM, et al.,<br><br>　　　　Defendants. | No.  2:16-cv-2269 JAM AC P<br><br><br>ORDER |

**I.    Background**

Plaintiff is a state prisoner currently incarcerated at Kern Valley State Prison who proceeds pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983.  Discovery closes on November 13, 2020.  Presently pending are plaintiff's requests for: (1) issuance of a subpoena duces tecum, and (2) appointment of a neutral medical expert.  For the reasons set forth below, the court directs plaintiff to refine his request for issuance of a subpoena duces tecum, and denies without prejudice plaintiff's request for appointment of a neutral medical expert.

This case is premised on plaintiff's claims of deliberate indifference to his serious medical needs during his prior incarceration at California State Prison Sacramento, after he broke his hand on May 27, 2016 when he fell from his bunk.  Plaintiff alleges the visible injury caused him persistent excruciating pain.  An x-ray taken June 2, 2016 revealed a displaced fracture of his left

1  second metacarpal. Plaintiff saw an orthopedist on June 16, 2016, and obtained surgery on July
2  21, 2016. Plaintiff alleges these delays were unreasonable and that throughout this period and for
3  a month after his surgery, defendants denied plaintiff's requests for pain medication.

## II.     Request for Subpoena Duces Tecum

Plaintiff requests issuance of a subpoena duces tecum to obtain copies of x-ray images and other medical films and photographs of plaintiff's left second metacarpal for the period June 2, 2016 through August 18, 2016. ECF No. 55. Plaintiff states that defense counsel indicated these materials may be the possession of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff seeks to direct his subpoena to Wendy Reynolds, Pelican Bay State Prison Litigation Coordinator.

Although the docket indicates that plaintiff was temporarily incarcerated at Pelican Bay State Prison, he does not explain why he seeks to direct his subpoena to Ms. Reynolds rather than, for example, San Joaquin General Hospital (where plaintiff's orthopedist performed his surgery) or, more broadly, CDCR's California Correctional Health Care Services (CCHCS).

Because plaintiff is proceeding in forma pauperis, he is entitled to obtain personal service of an authorized subpoena duces tecum by the United States Marshal. See 28 U.S.C. § 1915(d). A subpoena must be personally served or it is null and void. Fed. R. Civ. P. 45(c); Gillam v. A. Shyman, Inc., 22 F.R.D. 475 (D. Alaska 1958). A subpoena duces tecum, served pursuant to Federal Rule of Civil Procedure 45(a)(2), directs a non-party to an action to produce documents or other tangible objects for inspection. Although a subpoena duces tecum commands the "production" of documents, it in fact requires only that *access* to the documents be provided. If plaintiff wishes to have copies of the subject documents, he may be required to photocopy them or have them photocopied at his own expense.

This court must consider the following matters before approving service of a proposed subpoena duces tecum. A subpoena must comply with the relevance standards set forth in Federal Rule of Civil Procedure 26(b)(1) ("[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case"), and considerations of burden and expense set forth in Federal Rules of Civil

1  Procedure 26(b)(2)(C) and 45(d).  The "Federal Rules of Civil Procedure were not intended to
2  burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a
3  subpoena duces tecum." Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (requiring
4  indigent plaintiff to demonstrate that he had "made provision for the costs of such discovery"),
5  citing Cantaline v. Raymark Industries, Inc., 103 F.R.D. 447, 450 (S.D. Fla. 1984); see also
6  United States v. Columbia Broadcasting System, Inc., 666 F.2d 364 (9th Cir. 1982) (court may
7  award costs of compliance with subpoena to non-party).  Non-parties are "entitled to have the
8  benefit of this Court's vigilance" in considering these factors.  Badman, 139 F.R.D. at 605.

9       Additionally, courts in this district require that a motion requesting issuance of a subpoena
10  duces tecum be supported by: (1) clear identification of the documents sought and from whom,
11  and (2) a showing that the records are obtainable only through the identified third party.  See e.g.
12  Davis v. Ramen, 2010 WL 1948560, *1 2010 U.S. Dist. LEXIS 115432 (E.D. Cal. 2010) (Oberto,
13  M.J.); Williams v. Adams, 2010 WL 148703, *1 2010 U.S. Dist. LEXIS 10248 (E.D. Cal. 2010)
14  (Snyder, M.J.).  The person to whom the subpoena is directed must be clearly and readily
15  identifiable, with an accurate physical address to enable personal service of the subpoena.  See
16  Fed. R. Civ. P. 45(a)(1)(A)(iii).

17       Plaintiff has met several of the threshold requirements for obtaining issuance and service
18  of a completed subpoena:  the medical records plaintiff seeks are clearly described, circumscribed
19  by a reasonable time frame, and relevant to his claim of deliberate indifference, and plaintiff has
20  attempted without success to obtain the records from defense  counsel.  However, although
21  plaintiff identifies a specific person and address to whom the subpoena should be directed, it is
22  not clear to the undersigned that the proposed recipient can produce the requested records.

23       The court will send to plaintiff, together with a copy of this order, one blank subpoena
24  duces tecum form, signed by the Clerk of Court but otherwise blank.  Plaintiff must complete the
25  subpoena and return it to the court with a written statement requesting it be personally served by
26  the U.S. Marshal, and explaining why plaintiff believes the proposed recipient has access to the
27  requested materials.  To complete the proposed subpoena, plaintiff must: (1) clearly identify the
28  person to whom the subpoena is directed, readily identifiable with an accurate physical address to

enable personal service; (2) clearly describe the documents sought, including relevant dates; and (3) clearly identify the time, date and place for production and to whom (i.e. plaintiff or his representative, but not the court).

### III.  Request for Appointment of Neutral Medical Expert

Plaintiff requests appointment of a neutral medical expert "to review and construe" the medical images of his metacarpal fracture for purposes of discovery, settlement and/or trial. ECF No. 56. Plaintiff states that he makes the request at this time as a matter of prudence and because he cannot afford to retain an expert on his own.

Under Federal Rule of Evidence 706, this court has discretion to appoint an expert witness sua sponte or upon a party's motion, and to apportion the costs as the court deems appropriate. "[T]he most important question a court must consider when deciding whether to appoint a neutral expert witness is whether doing so will promote accurate factfinding." Gorton v. Todd, 793 F. Supp. 2d 1171, 1179 (E.D. Cal. 2011) (citation omitted). "The touchstone is that expert witnesses should not be appointed under Rule 706 where not necessary or significantly useful for the trier of fact to comprehend a material issue in a case. Further, in order to demonstrate such necessity, there also must be some evidence, admissible or otherwise, that demonstrates a serious dispute that could be resolved or understood through expert testimony." Id. at 1181 (fns. omitted).

In the present case, at this early stage of the litigation, the opinion of a neutral expert witness is not warranted. See Estrada v. Rowe, 2011 WL 249453, at *5, 2011 U.S. Dist. LEXIS 9721 (N.D. Cal. Jan. 25, 2011) ("[U]ntil the Court has had the opportunity to review the arguments and evidence submitted by the parties on summary judgment, no determination can be made that the issues are so complex as to require the testimony of an expert to assist the trier of fact.") (cited with approval in Gorton, 793 F. Supp. 2d at 1184 n.12). For this reason, plaintiff's request will be denied without prejudice.

### IV.  Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for appointment of a neutral medical expert, ECF No. 56, is denied without prejudice.

4

    2. Plaintiff may, within thirty (30) days after the filing date of this order, submit to the court a fully completed proposed subpoena duces tecum, together with a written statement that explains how the proposed recipient has access to the requested materials and requests that the court direct the United States Marshal to personally serve the subpoena.

    3. The Clerk of Court is directed to send to plaintiff, together with a copy of his order, one subpoena duces tecum, signed but otherwise blank, pursuant to Fed. R. Civ. P. 45(a)(3).

DATED: August 18, 2020

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE