UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GADDY, | No. 2:16-cv-2269 JAM AC P |
| Plaintiff, | |
| v. | ORDER |
| E. MOGHADDAM, et al., | |
| Defendants. | |

Plaintiff is a state prisoner incarcerated at Kern Valley State Prison (KVSP), proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff pursues claims for deliberate indifference to his serious medical needs after he broke his hand on May 27, 2016 when he fell from his bunk while incarcerated at California State Prison Sacramento. Currently pending before the court are two discovery motions filed by plaintiff. ECF Nos. 58, 63. Discovery closes on November 13, 2020.

Plaintiff seeks a complete copy of his medical records from defense counsel (Ms. Woodbridge, Supervising Deputy California Attorney General), who previously obtained the records. In response to plaintiff's motions, defense counsel has informed the court that the records (six volumes) were twice produced.[1] ECF Nos. 59, 65. Both defense counsel and

---

[1] Defense counsel states that defendants initially served plaintiff with copies of his medical records on July 1, 2020. According to the KVSP Litigation Coordinator, the records were delivered via FedEx on July 2, 2020 but could not be located in the prison warehouse. ECF No. 65 at 1. Defendants sent a second set of medical records to KVSP on August 30, 2020. Id. at 2.

1

plaintiff now inform the court that plaintiff recently rejected the records on the ground they were not processed as legal mail. ECF Nos. 65, 66. Plaintiff objects to prison officials opening the boxes containing the records outside his presence, and states that he rejected receipt of the dispersed records because any missing record would "fall on him" as this case proceeds. Id. at 2. Defense counsel asserts that defendants should not be required to produce the records a third time. ECF No. 65.

      Opening the boxes containing plaintiff's medical records outside his presence does not implicate plaintiff's federal rights; even if it did, plaintiff would need to pursue the matter in a separate action following administrative exhaustion. It is clear that "prisoners have a protected First Amendment interest in having properly marked legal mail opened only in their presence," and that this protection extends to "civil legal mail." Hayes v. Idaho Correctional Center, 849 F.3d 1204, 1210-11 (9th Cir. 2017). However, while CDCR regulations appear to extend these protections to properly marked "confidential mail" from any attorney, see Cal. Code Regs. tit. 15, §§3141(c)(6), 3143, federal law does not. Therefore, under federal law, plaintiff was not entitled to be present when the boxes containing his medical records were opened or to reject the records when they were offered. See e.g. Boone v. Oliveros, No. 20-CV-01473-EMC, 2020 WL 5366305, at *3, 2020 U.S. Dist. LEXIS 163576 (N.D. Cal. Sept. 4, 2020) (mail from the California Attorney General's office "is not legal mail"); Pitts v. Tuitama, No. CV 17-00137 JMS-KSC, 2017 WL 3880653, at *5, 2017 U.S. Dist. LEXIS 142744 (D. Haw. Sept. 5, 2017) ("mail to or from the Attorney General is not privileged because the Attorney General's office is neither representing nor seeking to represent [plaintiff]"); Smith v. Schwarzenegger, No. 07-CV-1547 SRB PC, 2015 WL 106337, at *3, 2015 U.S. Dist. LEXIS 1629 (E.D. Cal. Jan. 7, 2015) ("Mail from opposing counsel in the California Attorney General's Office also does not constitute 'legal mail.'").

      For these reasons, the court will deny plaintiff's pending motions as moot and direct defense counsel to contact the KVSP Litigation Coordinator to arrange for prison officials to again offer plaintiff his medical records. Plaintiff is informed that he has no legal grounds to

////

reject the records.  Should plaintiff again refuse to accept the records, he will receive no further assistance from the court regarding their production.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions to compel discovery, ECF Nos. 58, 63, are DENIED AS MOOT.

2. Within twenty-one (21) days after the filing date of this order, defense counsel shall: (a) contact the KVSP Litigation Coordinator and make arrangements for plaintiff to receive the medical records previously sent to the institution; and (b) file and serve a statement confirming that prison officials have again offered plaintiff possession of his medical records.

3. Should plaintiff fail to accept possession of his medical records, the court will not further address this matter.

IT IS SO ORDERED.

DATED: September 22, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE