UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GADDY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>E. MOGHADDAM, et al.,<br><br>　　　　Defendants. | No.  2:16-cv-2269 JAM AC P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with this civil rights action alleging deliberate indifference to his serious medical needs.  By order filed November 6, 2020, this court directed defense counsel to show cause for failing to respond to this court's order filed September 22, 2020. ECF No. 69.  The September order directed defense counsel to contact the Litigation Coordinator at Kern Valley State Prison (KVSP) to "make arrangements for plaintiff to receive the medical records previously sent to the institution" and to "file and serve a statement confirming that prison officials have again offered plaintiff possession of his medical records." ECF No. 67.

On November 6, 2020, in an immediate response to the order to show cause, defense counsel informed the court that she had contacted KVSP Litigation Coordinator Brian Hancock on September 22, 2020, and confirmed that on the same date Correctional Officer T. Ashmore personally delivered the subject medical records to plaintiff. ECF No. 70; id. at 4 (Exh. A, signed

1

1 receipt demonstrating Ashmore's delivery of records to plaintiff).  Defense counsel further stated

2 that plaintiff confirmed receipt of his medical records at his October 6, 2020 deposition.  Id. at 2.

3        These facts demonstrate that defense counsel acted promptly in responding to the court's

4 orders.  It appears that counsel's failure to file an earlier confirmation was mere oversight, likely

5 because defense counsel has been repeatedly tasked with tracking plaintiff's receipt of his

6 medical records.  See ECF No. 67.  Accordingly, the order to show cause will be discharged.

7        One additional matter requires the court's attention at this time.  A separate order of this

8 court, filed September 22, 2020, directed the United States Marshal to serve a subpoena duces

9 tecum on nonparty CDCR California Correctional Health Care Services (CCHCS).  See ECF No.

10 68.  The subpoena directed CCHCS to produce to plaintiff copies of his relevant medical imaging

11 films.  Id.  On November 16, 2020, plaintiff filed a document entitled "Enforcement of Court-

12 Ordered Subpoena Duces Tecum."  ECF No. 71.  Plaintiff states that the subpoena was served on

13 October 6, 2020, and that he thereafter received an October 27, 2020 notice from the CCHCS

14 Imaging Record Center that provides in pertinent part: "Enclosed are the radiology reports in the

15 date range requested.  CDs with images are not allowed for patient/inmates.  Images can be

16 viewed with Olson review with PCP or can be sent to a designee as in the instructions sent with

17 this letter."  Id. at 4 (Exh. A).  Attached to the notice are three written radiology reports.  Id. at 6-

18 8.

19        Plaintiff contends that he is unable to review his radiological images in an Olson review,[1]

20 and requests that alternate means to review the images be provided on an as-needed basis, e.g.

21 upon plaintiff's initial review, at a settlement conference and/or at trial.  Plaintiff requests that

22 photographs be made of the radiological images that he can retain in his cell.

23        In response, defendants note that CCHCS is a third party over which they have no control.

24 Defense counsel states that she was advised by CDCR (consistent with the CCHCS notice) that

25 inmates are prohibited from having radiological studies in their cells but can review them by

26

27 [1] "Olson review" refers to the right of California inmates to inspect and copy non-confidential records maintained in their central and medical files, as established by In re Olson, 37 Cal. App.
28 3d 783 (1974).

2

obtaining a ducat and/or arranging for the films to be sent to a relative outside the prison. ECF No. 72. Defense counsel clarifies that "[p]laintiff can have access to review [] his radiological studies by obtaining a ducat to review the films in a health care clinic," and states that counsel "is willing to assist Plaintiff to obtain a ducat to review the radiological films in a health care clinic on prison grounds." Id. at 1-2.

Because CCHCS has fully complied with the subpoena to the extent permitted within CDCR guidelines, there are no grounds upon which plaintiff may pursue further enforcement of the subpoena. Moreover, this court is without authority to direct CCHCS or any other entity or individual to make photographs of the radiological films. The only options available to plaintiff have been clearly set forth by defense counsel, who has offered her assistance. Accordingly, plaintiff's request for enforcement of the subpoena will be denied.

The parties are reminded that discovery closed in this action on October 26, 2020, and the deadline for filing dispositive motions is January 25, 2021. See ECF No. 62.

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

1. The order to show cause filed November 6, 2020, ECF No. 69, is DISCHARGED; and

2. Plaintiff's request for enforcement of the subpoena duces tecum directed to CCHCS, ECF No. 71, is DENIED.

IT IS SO ORDERED.

DATED: December 2, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3